## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**vs**

**CARLOS DUARTE**

**Case Number. 8:12-cr-67-T-35TBM**
**USM Number: 56232-018**

**David Christopher Hardy, CJA**

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Three of the Indictment.  Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841 (a)(1) and 841 (b)(1)(A)(viii) | Conspiracy to possess with the intent to distribute and to distribute 500 grams or more of methamphetamine. | December 2, 2011 | One |
| 18 U.S.C. § 924 (c)(1)(A)(i) | Possessing a firearm in furtherance of a drug trafficking offense. | December 2, 2011 | Three |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two and Four of the Indictment are dismissed on motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

September 6, 2012

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

September 10, 2,012

**CARLOS DUARTE**
**8:12-cr-67-T-35TBM**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of *ONE HUNDRED AND TWENTY (120) Months as to Count One of the Indictment and Sixty (60) Months as to Count Three of the Indictment, to run consecutively, for a total term of ONE HUNDRED AND EIGHTY (180) Months.*

The Court recommends to the Bureau of Prisons that the defendant serve term of imprisonment at FCI Coleman.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**CARLOS DUARTE**
**8:12-cr-67-T-35TBM**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of *SIXTY (60) Months as to Counts One and Three of the Indictment, such terms to run concurrently.*

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**CARLOS DUARTE**
**8:12-cr-67-T-35TBM**

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.      Should the defendant be deported, he shall not be allowed to re-enter the United States without the express permission of the appropriate governmental authority.

2.      The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| $200.00 | waived | n/a |

# SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

# FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Preliminary Order of Forfeiture entered on August 16, 2012 and is made part of this judgment.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**CASE NO. 8:12-cr-67-T-35TBM**

**CARLOS DUARTE**
**a/k/a "Carlos Duarte-Medrano"**
**a/k/a "Carlos Duarte-Medano"**
**a/k/a "Vicente Ortiz Pineda"**

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

Before the Court is the United States' Motion for a Preliminary Order of Forfeiture, which upon entry will be a final order of forfeiture as to defendant Carlos Duarte's right, title, and interest in the following firearms and ammunition:

      a.      a Glock 26, 9 mm pistol, serial number:   EPZ740;

      b.      a Ruger Model SR9 9mm firearm; and

      c.      25 rounds assorted ammunition.

Being fully advised in the premises, the Court finds as follows:

WHEREAS, the defendant has been convicted of the methamphetamine trafficking conspiracy charged in Count One of the Indictment, and possession of firearms in furtherance of drug a trafficking crime, as charged in Count Three of the Indictment; and

WHEREAS, the United States has established the requisite *nexus* between the defendant's crimes of conviction and the property identified above, the government is now entitled to possession of the firearms and ammunition, pursuant to the provisions of 21 U.S.C. § 853(a)(2), 18 U.S.C. § 924(d)(1),

28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2). Accordingly, it is hereby

ORDERED and ADJUDGED that:

1. The Motion of the United States is hereby GRANTED.

2. Pursuant to 21 U.S.C. § 853(a)(2), 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), all right, title, and interest of defendant Carlos Duarte in the firearms and ammunition identified above are hereby FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

3. The Court retains jurisdiction to enter any orders necessary for the forfeiture and disposition of the ammunition, and to address any third party interests that may be asserted in these proceedings.

**ORDERED** in Tampa, Florida, this 16th day of August, 2012.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

2